# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# Southern Division

| | |
|---|---|
| CRYSTAL CHAPMAN on behalf of herself and others similarly situated, | : <br> : CIVIL ACTION FILE NO. |
| Plaintiff, | : <br> : |
| v. | : **COMPLAINT – CLASS ACTION** <br> : |
| NATIONAL HEALTH PLANS & BENEFITS AGENCY, LLC | : <br> : **JURY TRIAL DEMANDED** <br> : |
| Defendant. | : |

Plaintiff Crystal Chapman (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer

Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.  This case involves a campaign by National Health Plans & Benefits Agency, LLC ("National Health Plans"), who engages in telemarketing utilizing the name "Your Lowest Quote", to market insurance services through unsolicited pre-recorded telemarketing calls without the prior express consent of the call recipients.

3.  A telephone lined owned by Ms. Chapman received such calls and because these calls were transmitted using technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons.

4.  A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## **PARTIES**

5.  Plaintiff Crystal Chapman resides in New York.

6. Defendant National Health Plans & Benefits Agency, LLC is a Michigan limited liability company, with a principal place of business in this District.

## JURISDICTION AND VENUE

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has general jurisdiction over National Health Plans because it resides in this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because National Health Plans resides and directed its TCPA violative conduct to Plaintiff from this District.

## TCPA BACKGROUND

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA prohibits automated calls to cellular telephones

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 ¶ 165 (2003).

15. In 2012, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd 1830, 1844 (2012) (footnotes omitted).

The National Do Not Call Registry

16. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

17. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

18. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **FACTUAL ALLEGATIONS**

19. Defendant National Health Plans is a "person" as the term is defined by 47 U.S.C. § 153(39).

20. National Health Plans engages in automated telemarketing in order to generate new potential customers.

21. Indeed, National Health has previously been sued for allegations of violating the Telephone Consumer Protection Act based on its telemarketing conduct. *See Rosenbloom v. National Health Plans & Benefits Agency, LLC*, Civil Action No. 2:19-cv-13261-LVP-APP (E.D. Mi.)

22. Plaintiff Chapman is a "person" as defined by 47 U.S.C. § 153(39).

23. Plaintiff's residential telephone number is (585) 414-XXXX.

24. That number is assigned to a cellular telephone service and was so assigned at the time of the calls at issue.

25. That number has been on the National Do Not Call Registry for more than 30 days prior to the date the calls were received and it has not been removed from the Registry since that time.

26. Mrs. Chapman uses the number for personal, residential, and household reasons.

27. The number is not associated with any business.

28. Despite this, the Plaintiff's number received telemarketing calls from the Defendant National Health Plans on November 6, December 1 and 28, 2021 as well as February 2, 2022.

29. All of the calls were made from the same Caller ID number, (248) 359-8321.

30. This is a Michigan Caller ID number, where the Defendant is located.

31. Other individuals have complained about receiving telemarketing spam calls from this Caller ID number related to healthcare products like those the Defendant offers. *See* https://www.callercenter.com/248-359-8321.html (Last Visited February 2, 2022).

32. Not recognizing the number that called, the first two calls were rejected.

33. However, in order to determine who was calling the number on the National Do Not Call Registry, the Plaintiff's husband answered the third call.

34. The call began with a pre-recorded message.

35. The pre-recorded message asked if the individual was over 65 years old and requested an automated response.

36. The pre-recorded message asked if the call recipient was interested in a family or individual quote and requested an automated response.

37. Mr. Chapman was then transferred to the Defendant and spoke to one of their employees.

38. The caller then offered Mr. Chapman insurance services from the Defendant.

39. Mr. Chapman then terminated the call.

40. After receiving these calls, counsel for the Plaintiff wrote to the Defendant informing them to stop.

41. The Defendant indicated that the number would no longer be contacted on January 27, 2022.

42. Despite this claim, the Defendant called the Plaintiff again on February 2, 2022.

43. Like all of the Defendant's automated telemarketing efforts, these calls were made in an attempt to solicit new insurance customers for the Defendant.

44. The Plaintiff did not provide her consent to receive the telemarketing calls at issue.

45. All class members, as defined below, have had their privacy invaded through receipt of the telemarketing calls.

## CLASS ACTION ALLEGATIONS

46. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

47. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a Class of all other persons or entities similarly situated throughout the United States.

48. The Classes of persons Plaintiff proposes to represent is tentatively defined as:

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone number, Defendant, or a third party on their behalf, placed a call using pre-record messages (2) within the four years prior to the filing of the Complaint through trial.

**National Do Not Call Registry Class**: All persons in the United States who (1) within four years prior to the commencement of this litigation

until trial (2) received two or more telemarketing call on their residential number (3) from or on behalf of Defendant (4) to a telephone number that was registered with the National Do Not Call Registry (5) for more than 30 days at the time of each call.

49. The Classes defined above are identifiable through phone records, phone number databases, and business and customer records of Defendant.

50. Based on the *en masse* nature of telemarketing, the potential members of the Classes likely number at least in the thousands.

51. Individual joinder of these persons is impracticable.

52. The Plaintiff is a member of the Classes.

53. There are questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

   (a) whether Defendant used a pre-recorded message to make the calls;

   (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

   (c) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class; and

   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

54. Plaintiff's claims are typical of the claims of members of the Classes.

55. Plaintiff is adequate representative of the Classes because her interests do not conflict with the interests of the Classes, she will fairly and adequately protect the interests of the Classes, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

56. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

57. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

58. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

59.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with a pre-recorded message to cellular telephone numbers.

60.     The Defendant's violations were negligent, willful, or knowing.

61.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

62.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any cellular telephone number in the future.

### SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act
(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d))
on behalf of Plaintiff and the National Do Not Call Registry Class**

63.     Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period

on Defendant's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

64.     As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5) or $1,500 for any violation that was knowing or willful.

65.     Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising energy goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, to any number using a pre-recorded message and prohibiting the Defendant from advertising

energy goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

      B.     As a result of Defendant's negligent, willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

      C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

      D.     Such other relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: February 4, 22              PLAINTIFF, on behalf of herself
                                   and others similarly situated,


                                   */s/ Anthony Paronich*
                                   Anthony Paronich
                                   Email: anthony@paronichlaw.com
                                   PARONICH LAW, P.C.
                                   350 Lincoln Street, Suite 2400
                                   Hingham, MA 02043
                                   Telephone: (617) 485-0018
                                   Facsimile: (508) 318-8100

                                   *Attorneys for Plaintiff*